**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronda Renee BIRD, Defendant–
Appellant.**

**No. 11–30198.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2012.*

Filed May 18, 2012.

Lori Anne Harper Suek, Assistant U.S., Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, Laura Bissett Weiss, Assistant U.S., Office of the

U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Daniel Donovan, Esquire, Thompson, Potts & Donovan, P.C., Great Falls, MT, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Ronda Renee Bird appeals from the 37-month sentence imposed following her guilty-plea conviction for involuntary manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bird contends that the government breached the plea agreement by failing to move for a third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Under the terms of the plea agreement, the government was not obligated to move for the third point if Bird acted in any way that was inconsistent with acceptance of responsibility. The record reflects that the government had an adequate basis to decline to move for the third point. Accordingly, it did not breach the plea agreement. *See United States v. Cannel,* 517 F.3d 1172, 1177 (9th Cir.2008) ("Because the government was obligated to move for the reduction only if [the defendant] met the specified conditions, and because there is no suggestion that it acted based on unconstitutional or arbitrary motives, the government did not breach the plea agree-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment by not recommending an adjustment for acceptance of responsibility.") (footnote omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.